Arturo FLETES–MORA, Appellant,

v.

Herbert BROWNELL, Attorney General of the United States, Appellee.

No. 14454.

United States Court of Appeals Ninth Circuit.

Dec. 9, 1955.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and TAYLOR, District Judge.

JAMES ALGER FEE, Circuit Judge.

The petitioner, Arturo Fletes-Mora, filed a petition in the District Court purportedly under the provisions of 28 U.S. C.A. § 2201 and 8 U.S.C.A. § 1503.[1] The petition alleges that Fletes-Mora "is a constitutional native citizen of the United States," born on September 23, 1925, at Los Angeles, California, where he still resides. There are conclusions as to a denial of his rights and privileges as a citizen by the Attorney Gen-

1. Act of June 27, 1952, c. 477, Title III, ch. 3, § 360, 66 Stat. 273.

eral, who, it is said, contends that petitioner "is not a citizen of the United States, but an alien and citizen and national of the Republic of Mexico, and is not entitled to the rights and privileges as a citizen of the United States." As a result, the Attorney General has, it is alleged, determined that petitioner is not entitled to be and remain in the United States or to enter the United States. It is alleged that there is an actual and bona fide dispute between petitioner and the Attorney General in this regard. It is further alleged that the dispute over his status as a national of the United States "did not arise out of or in connection with any exclusion proceedings under the provisions of Public Law 414, 66 Stat. 273,[2] or any other Act, or is an issue in such exclusion proceedings."

It was prayed that the court adjudge and declare Fletes-Mora to be a citizen and national of the United States.

The Attorney General appeared especially and moved to dismiss upon the grounds of (1) lack of jurisdiction of the subject matter, (2) lack of jurisdiction over the person, and (3) failure to state a claim upon which relief could be granted. Judgment was entered dismissing the petition for "lack of jurisdiction over the subject matter and lack of jurisdiction over the person."

■■ The first ground for dismissal was that the court had not acquired jurisdiction over the person of the Attorney General. This officer has his official residence in the District of Columbia and may be served with process only in that district, unless otherwise provided by statute. No exception has been made for this type action. The Attorney General did not consent to jurisdiction over his person. His motion for dismissal was made "without waiving any of his objections to the jurisdiction of the Court and especially appearing for the purpose of this Motion only." It is clear enough that there was no jurisdiction of his person. This would dispose of the case.

■ There are no allegations of fact which hint that there were any proceedings which could be reviewed under the Administrative Procedure Act in accordance with Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591. The petition for declaratory judgment was insufficient to invoke the jurisdiction of the District Court under the provisions of 8 U.S.C.A. § 1503. There was no averment of fact from which it could be concluded that petitioner was denied any specific right or privilege as a national of the United States upon the ground that he was not such a national. The petition does not allege that it was filed within five years after final administrative denial of a claimed right or privilege.

■ The Declaratory Judgment Act merely enlarges the range of remedies available in federal courts. It does not afford an independent basis for federal jurisdiction. No other allegations of fact indicate that there were other bases for jurisdiction of the District Court. There is no allegation of diversity of citizenship. There is no allegation of a jurisdictional amount. The gist of the claim of petitioner is that he is being deprived of citizenship without due process, but no "facts" are alleged which give even a shadow of basis for such a claim. The adjudication of alleged constitutional rights in a declaratory judgment action is not to be encouraged for the reason that decisions in that field tend to be advisory unless based upon proof of definite and specific fact.

■ Finally, the allowance of a petition for declaratory relief is discretionary with the trial court. There was no abuse of discretion in dismissing the petition even if the jurisdictional grounds were present.

In the event that the Attorney General should take any action which might tend

---

2. 8 U.S.C.A. § 1503, supra.

to violate the rights of petitioner, there will be time for the latter to protect himself by a petition for writ of habeas corpus or by other appropriate proceedings.

The petition here is utterly insufficient for the Court to take any action whatsoever. The order of the trial court granting the motion to dismiss is meticulously drawn and admirably states the grounds of the holding. It is printed in the margin.[3] The order appealed from provides that it is not an adjudication on the merits.

Dismissal of the petition is affirmed.

3. "This cause having come before the court for hearing on motion of defendant, filed February 19, 1954, to dismiss the action, and the motion having been argued and submitted for decision; and it appearing to the court:

"(1) that plaintiff sues 'for declaration of United States nationality and for declatory relief' seeking a judgment 'declaring him to be a citizen and national of the United States';

"(2) that plaintiff invokes the jurisdiction of this court 'under the provisions of section 2201, Title 28 U.S.C.A. and under section 360(a) of Public Law No. 414, 66 Stat. 273';

"(3) that 28 U.S.C. § 2201 authorizing declaratory judgments does not confer any added jurisdiction upon the federal courts but merely enlarges the 'range of remedies available';

"(4) that although 'Herbert Brownell, Attorney General of the United States' is the defendant named, the action is in legal effect one against the Government; and this court has jurisdiction to adjudicate actions against the Government only in instances and under circumstances expressly consented to by the sovereign through act of Congress;

"(5) that by 8 U.S.C. § 1503(a) [8 U.S.C.A. § 1503(a)] the Government has consented to be sued in this court in an action such as that at bar only in cases where the controversy as to status did not arise in, and is not in any way connected with, an exclusion proceeding, and there has been final administrative denial within five years of the claimed 'right or privilege as a national of the United States';

"(6) that plaintiff does not allege that either of the conditions to sovereign consent mentioned in paragraph (5) above has been met in the action at bar;

"(7) that plaintiff does not seek judicial review of administrative action within the jurisdiction conferred upon this court by the Administrative Procedure Act, 5 U.S.C. §§ 1001, 1009 [5 U.S.C.A. §§ 1001, 1009];

"(8) that the case does not arise under the Civil Rights Act, so jurisdiction is not conferred by 28 U.S.C. § 1343;

"(9) that since this court has no general grant of jurisdiction over the status of aliens or nationals or citizens; and the Government has not waived sovereign immunity to suit under the circumstances alleged, jurisdiction is lacking at bar over both the subject matter of the action and the person of the defendant in his official capacity;

"(10) that if the action could be construed as a suit against Herbert Brownell in his individual capacity, jurisdiction over the subject matter would exist, assuming the requisite amount is involved, because 'the matter in controversy * * arises under the Constitution, laws or treaties of the United States'; but present jurisdiction of this court over the person of the defendant, qua individual, would remain lacking;

"It is Ordered that defendant's motion to dismiss for lack of jurisdiction over both the subject matter and the person of the defendant is hereby granted.

"It is Further Ordered that the defendant serve and lodge with the Clerk within five days a judgment of dismissal to be settled under local rule 7.

"It is Further Ordered that this dismissal shall not operate as an adjudication upon the merits, and the judgment shall so provide.

"It is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause."