TIN MEW LEE, Plaintiff,

v.

John Foster DULLES, Secretary of State of the United States of America, Defendant.

Civ. No. 1570.

United States District Court D. Hawaii.

Nov. 15, 1957.

N. W. Y. Char, Honolulu, Hawaii, for plaintiff.

Louis B. Blissard, U. S. Atty., by Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for defendant.

WIIG, District Judge.

Plaintiff seeks a judgment declaring him to be a citizen or national of the United States. Jurisdiction for such relief is based on § 360 Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503(a). Defendant has moved to dismiss the amended complaint on the ground that it fails to state a claim upon which relief can be granted.

In his amended complaint, plaintiff alleges that he is a native-born citizen of the United States, and that as such he is entitled to have a passport issued to him by the Department of State. It is further alleged that on May 5, 1957, plaintiff, with an identifying witness, filed an application for a passport with an authorized agent of the Department of State; that he informed the agent that he was denied a "certificate of citizen—Hawaiian Islands; and that he had no further evidence to produce * * *." Plaintiff then alleges a conclusion that on June 27, 1957, his application for a passport was denied upon the ground that he was not a national of the United States. Attached to his pleading, as Exhibit "A", is the alleged "denial."

Exhibit "A" is a letter, dated June 27, 1957, from the Director of the Department of State Passport Office, addressed to plaintiff's attorney and it reads:

"Mr. Lee claims American citizenship by virtue of his birth on April 8, 1894 at Honolulu, Hawaii. However, no documentary evidence whatsoever was submitted to support his claim of American birth or citizenship. In fact, you indicate that the Immigration and Naturalization Service refused to issue a Certificate of Identity to Mr. Lee in 1928 claiming that he was not a United States citizen.

"Since the applicant has not submitted and apparently has made no attempt to submit evidence of American citizenship required by the passport regulations, we have no alternative but to disapprove his ap-

plication for passport. At such time as Mr. Lee submits evidence of his claim to American citizenship as required by the regulations, we will be pleased to reconsider his case."

Implicit in the requirements of § 1503(a) is the condition that a complaint must aver facts from which it could be concluded that plaintiff was denied a right or privilege as a national of the United States upon "the ground that he is not a national of the United States * * *." Auturo Fletes-Mora v. Brownell, 9 Cir., 1955, 231 F.2d 579; Dulles v. Lee Gnan Lung, 9 Cir., 1954, 212 F.2d 73.

It appears that the plaintiff is attempting to sidestep the regulations which are binding upon all citizens applying for passports. The regulations, § 51.51 of Title 22, C.F.R., provide for various types of evidence of citizenship which may be submitted, including the following:

"* * * or the affidavit of a reputable person having sufficient knowledge to be able to testify as to the place and date of the applicant's birth may be accepted. A person who did not attend the birth but who testifies concerning the place and date of the applicant's birth should state briefly how and through what source the knowledge was acquired."

Here we have no problem concerning the identity of the applicant for a passport, nor a refusal to determine a claim for citizenship for an unreasonable length of time. The issue is simply that the plaintiff has not made a sincere or serious effort to comply with the regulations in effect, nor has he made an attempt to secure from the Department of State a denial of his application upon the ground that he is not a national of the United States. See Ling Share Yee v. Acheson, 3 Cir., 1954, 214 F.2d 4; Scott v. McGrath, D.C.E.D.N.Y.1952, 104 F.2d 267.

The motion to dismiss is granted without prejudice.