Robert E. RANDOLPH, John Allen Johnson, Frances E. Johnson, George Waegell, Plaintiffs,

v.

Edwin W. WILLIS, August E. Johansen, William M. Tuck, Alfred M. Nittle, Francis J. McNamara, William Wheeler, Defendants.

Civ. No. 63–743.

United States District Court
S. D. California,
Central Division.

June 28, 1963.

A. L. Wirin, Fred Okrand, Los Angeles, Cal., for plaintiffs.

Francis E. Whalen, U. S. Atty., Donald A. Fareed, Clarke A. Knicely, Asst. U. S. Attys., Los Angeles, Cal., for defendants.

MATHES, District Judge.

Thus cause having come before the Court for hearing upon plaintiffs' motion "for stay and/or continuance of return date of subpoenas", filed June 25, 1963, and the motion having been argued and submitted for decision; and it appearing to the Court that:

(1) on June 25, 1963, plaintiffs filed their "Complaint for Injunction and Declaratory Judgment" against defendants, who are alleged to be the

members, and the counsel, staff director and special investigator, of a subcommittee of the Committee on Un-American Activities of the United States House of Representatives;

(2) the complaint alleges that plaintiffs have been subpoenaed to appear and testify at a hearing to be held by the subcommittee at Los Angeles on July 1, 1963; that news of the fact that plaintiffs have been subpoenaed so to appear and testify has been published in certain San Francisco and Los Angeles newspapers under headlines "Castro Visitors Probed" and "Quiz Set Here on Cuba Trips", along with an asserted announcement by the defendant special investigator of the Committee "that the said hearings would be open to the public";

(3) the complaint further alleges that it is provided in Rule XVI of the Committee's Rules of Procedure that: "No member of the Committee or staff shall make public the name of any witness subpenaed before the Committee or Subcommittee prior to the date of his appearance."; that Rule XI (26) (m) (1) of the Rules of the House of Representatives provides that: "If the committee determines that evidence or testimony at an investigative hearing may tend to defame, degrade, or incriminate any person, it shall—(1) receive such evidence or testimony in executive session * * *"; that the "appearance of plaintiffs before the Committee in a public session may tend to degrade them"; that "defendants, in causing plaintiffs to be subpoenaed and to appear in an open hearing * * * did so in order to degrade plaintiffs and cause them to be held up to public ridicule and obloquy"; that "appearance of plaintiffs before the Committee in a public hearing is not necessary in order to enable the Committee" properly to perform its function of reporting to the House of Representatives [see House Rule XI, (1) (q) (2), 60 Stat. 812 (1946)];

(4) plaintiffs pray "for an order * * * enjoining defendants from conducting the hearings of July 1, 1963, to which plaintiffs have been subpoenaed, as public hearings * * [and] for an order * * * staying and/or continuing the return date of said subpoenas * * * [and] for a judgment declaring * * * the subpoenas * * * null and void * * *", and for all proper equitable relief [Fed.R.Civ.P. 54(c)];

(5) the general jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 2201, it being alleged that the "matter in controversy exceeds the sum or value of Ten Thousand * * * Dollars, exclusive of interest and costs"; and Federal equity jurisdiction is invoked upon the ground that this Court has general jurisdiction of the subject matter and plaintiffs have "no plain, speedy or otherwise adequate remedy at law * * *";

(6) it has long been settled that "the general powers of Federal courts when sitting as courts of equity * * * can be exerted only in cases otherwise within the jurisdiction of those courts as defined by Congress" [Briggs v. United Shoe Machinery Co., 239 U.S. 48, 50, 36 S.Ct. 6, 7, 60 L.Ed. 138 (1915); Rees v. Watertown, 86 U.S. (19 Wall.) 107, 122, 22 L.Ed. 72 (1873)];

(7) it is equally well settled that 28 U.S.C. § 2201 authorizing declaratory judgments does not confer any added jurisdiction upon the Federal Courts, but merely enlarges "the range of remedies available" [Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Fletes-Mora v. Brownell, 231 F.2d 579, 581 (9th Cir. 1955); Van Buskirk v. Wilkinson, 216 F.2d 735, 737 (9th Cir.

1954); Southern Pac. Co. v. Mc-Adoo, 82 F.2d 121 (9th Cir. 1936)];

■ (8) the claims asserted by plaintiffs in this action are alleged to arise under the rules quoted in (3) above, and inasmuch as the Constitution declares that "[e]ach House may determine the Rules of its Proceedings" [U.S.Const., Art. I, § 5, cl. 2], the rules in question, adopted by the House of Representatives and by the Committee, are admittedly valid and have the force of law [Yellin v. United States, 374 U.S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778 (1963); cf., United States, ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265, 74 S.Ct. 499, 98 L. Ed. 681 (1954)]; " * * * the question is only one of power. The Constitution empowers each house to determine its rules of proceedings. It may not by its rules ignore constitutional restraints or violate fundamental rights, and there should be a reasonable relation between the mode or method of proceeding established by the rule and the result which is sought to be attained. But within these limitations all matters of method are open to the determination of the house, and it is no impeachment of the rule to say that some other way would be better, more accurate or even more just. It is no objection to the validity of a rule that a different one has been prescribed and in force for a length of time. The power to make rules is not one which once exercised is exhausted. It is a continuous power, always subject to be exercised by the house, and within the limitations suggested, absolute and beyond the challenge of any other body or tribunal." [United States v. Ballin, 144 U.S. 1, 5, 12 S.Ct. 507, 509, 36 L.Ed. 321 (1892)];

■ (9) moreover, even though it was not obligatory upon either the House or the Committee to adopt any rules for the benefit of witnesses [see Yellin v. United States, 374 U.S. at 114, 83 S.Ct. at 1832, 10 L.Ed.2d at 784], the rules of the House which are invoked here nonetheless provide in legal effect legislatively-established due process of law, and the rules of the Committee itself provide in legal effect administratively-established due process of law, for the benefit of all witnesses appearing before the Committee, or any subcommittee thereof; and such rules have the same force of law, and are equally binding upon the Committee members, the Committee staff, and witnesses as well [Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447, 93 L.Ed. 1826 (1949); see: Vitarelli v. Seaton, 359 U.S. 535, 539–540, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Chapman v. Sheridan-Wyoming Co., 338 U.S. 621, 629, 70 S.Ct. 392, 94 L.Ed. 393 (1950); Bridges v. Wixon, 326 U.S. 135, 153, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945); see also, Jeffries v. Oleson, 121 F. Supp. 463, 476 (S.D.Cal.1954)];

■ (10) Mr. Chief Justice Marshall once observed: "A case in law or equity consists of the right of one party, as well as of the other, and may truly be said to arise under the constitution or a law of the United States, whenever its correct decision depends on the construction of either." [Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 379, 5 L.Ed. 257 (1821)]; so the claims here asserted by plaintiffs arise, if at all, under the "laws * * * of the United States" within the meaning of 28 U.S.C. § 1331;

■ (11) it is clear, furthermore, that plaintiffs have no adequate remedy at law in the Federal Courts [Yellin v. United States, 374 U.S., at 121–122, 83 S.Ct. at 1836, 10 L.Ed.2d at 788; Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); Kilbourn v. Thompson, 103 U.S. 168,

26 L.Ed. 377 (1880); cf. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)]; hence plaintiffs properly invoke Federal equity jurisdiction for the vindication of any valid claims to relief which they may have under the circumstances alleged [Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 568–569, 59 S.Ct. 657, 83 L.Ed. 987 (1939); Petroleum Exploration, Inc. v. Public Service Comm., 304 U.S. 209, 217, 58 S.Ct. 834, 82 L.Ed. 1294 (1938); DiGiovanni v. Camden Fire Ins. Ass'n., 296 U.S. 64, 69, 56 S.Ct. 1, 80 L.Ed. 47 (1935)];

█ (12) inasmuch as the Federal Government as sovereign has never consented to be sued on claims such as plaintiffs assert here [see: Munro v. United States, 303 U.S. 36, 58 S. Ct. 421, 82 L.Ed. 633 (1938); United States v. Clarke, 33 U.S. (8 Pet.) 436, 444, 8 L.Ed. 1001 (1834)], this Court can have no jurisdiction over the persons of the defendants, if sued in their official capacities [see: Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949); also Long v. United States, 78 F. Supp. 35 (S.D.Cal.1948)], since the immunity of the Government from suit in any case extends to all Federal officers and agents acting within the scope of their official duties [Dugan v. Rank, 372 U.S. 609, 619–622, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U. S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Kendall v. Stokes, 44 U.S. (3 How.) 87, 98, 11 L.Ed. 506 (1845)];

█ (13) it is equally true of course that whenever a Federal officer or agent steps outside the limits of his lawful authority, in so doing he no longer represents the Government, and hence loses sovereign immunity to suit for acts done beyond the bounds of the law

[Dugan v. Rank, 372 U.S. at 621–622, 83 S.Ct. at 1006, 10 L.Ed.2d 15 (1963); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 698–699, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1099, 91 L.Ed. 1209 (1947); Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525 (1937); Morrison v. Work, 266 U.S. 481, 486–487, 45 S.Ct. 149, 69 L.Ed. 394 (1925); Tracy v. Swartwout, 35 U.S. (10 Pet.) 80, 9 L.Ed. 354 (1836)];

█ (14) accordingly, long-established precedent holds that, unless there is available an adequate remedy at law in the Federal Courts, there is ground for Federal equitable relief when a Federal officer threatens to exceed his authority, and a Federal Court of equity will intervene to keep agents of the Federal Government within the bounds of their lawful powers [State of Colorado v. Toll, 268 U.S. 228, 230, 45 S.Ct. 505, 69 L.Ed. 228 (1925); Wells v. Roper, 246 U.S. 335, 338, 38 S.Ct. 317, 62 L.Ed. 755 (1918); Philadelphia Co. v. Stimson, 223 U.S. 605, 619–620, 32 S.Ct. 340, 56 L.Ed. 570 (1912); Cunningham v. Macon & Brunswick R. R. Co., 109 U.S. 446, 452, 3 S.Ct. 292, 27 L.Ed. 992 (1882)];

█ (15) as to the allegation in the complaint that Rule XVI of the Committee's Rules of Procedure has already been violated by publication of plaintiffs' names as witnesses prior to the hearing, there is no equitable remedy whereby to forestall that *fait accompli,* so the case is moot as to that claim;

█ (16) as to the alleged threatened violation of above-quoted House Rule XI, (26) (m) (1), inasmuch as that rule requires testimony to be received in executive session only "if the Committee determines" that the testimony of a witness "may tend to defame, degrade or in-

criminate any person * * *", it would be an unwarranted interference with the powers conferred by the Constitution upon the legislative branch of the Government for any court to presume to dictate that determination [see: Yellin v. United States, 374 U.S. at 117, 83 S.Ct. at 1833, 10 L.Ed.2d at 785; United States v. Smith, 286 U.S. 1, 33, 48, 52 S.Ct. 466, 76 L.Ed. 951 (1932); United States v. Ballin, 144 U.S. 1, 5, 12 S.Ct. 507, 509, 36 L.Ed. 321 (1892)].;

▮ (17) furthermore, plaintiffs stated at the bar upon oral argument that they had already petitioned the Committee for leave to testify "in executive session", rather than at a public hearing, and this application is now pending and has not yet been acted upon; in all events, then, the presumption in favor of the regularity of all official conduct requires that it be assumed here that the Committee will not disregard its own rules, or the rules of the House of Representatives, or "fail in the performance of any duty imposed * * * by the Constitution and laws of the United States * * *" [Yakus v. United States, 321 U.S. 414, 434, 64 S.Ct. 660, 671, 88 L.Ed. 834 (1944); Barry v. United States, ex rel. Cunningham, 279 U.S. 597, 619–620, 49 S.Ct. 452, 73 L.Ed. 867 (1929)];

▮ (18) with regard to the claim for a declaratory judgment, no justiciable controversy is presented, so this Court has no jurisdiction of the subject matter of that claim [Pauling v. Eastland, 109 U.S.App. D.C. 342, 288 F.2d 126, cert. denied, 364 U.S. 900, 81 S.Ct. 233, 5 L.Ed.2d 194 (1960)], but even where jurisdiction exists to adjudicate a controversy and award relief authorized by the Federal Declaratory Judgments Act, whether to entertain the action and grant relief is a matter within the discretion of the Court [Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580,

7 L.Ed.2d 604 (1962); Eccles v. Peoples Bank, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1933); Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 462, 65 S.Ct. 1334, 89 L.Ed. 1725 (1945); Coffman v. Breeze Corp., 323 U.S. 316, 324, 65 S.Ct. 298, 89 L.Ed. 264 (1945); Brillhart v. Excess Ins. Co., 316 U.S. 491, 494–495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); Fed.R.Civ.P. 57]; so even if this Court had jurisdiction over the subject matter of plaintiffs' claim at bar for declaratory relief, the action should be dismissed as to that claim solely upon the ground that, in the proper exercise of the Court's discretion, relief by way of declaratory judgment should be denied, without consideration of the merits [Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 301–302, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272–273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); State Farm etc. Ins. Co. v. Bonwell, 248 F.2d 862, 868 (9th Cir. 1957); Fletes-Mora v. Brownell, 231 F.2d 579 (9th Cir. 1955)]; and

▮ (19) finally, since plaintiffs have failed, for the reasons mentioned, to state a claim within the equitable jurisdiction of this Court [Matthews v. Rodgers, 284 U.S. 521, 524–525, 52 S.Ct. 217, 76 L.Ed. 447 (1932); Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 689–691, 47 S.Ct. 755, 71 L.Ed. 1297 (1927)], "and the bill is incapable of remedy by amendment, its dismissal should be directed." [Myers v. Bethlehem Steel Co., 303 U.S. 41, 52–53, 58 S. Ct. 459, 82 L.Ed. 638 (1938); Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 494–495, 20 S.Ct. 708, 44 L.Ed. 856 (1900)].

It is now ordered:

(1) that plaintiffs' motion "for stay and/or continuance of return date on subpoenas is hereby denied;

(2) that as to plaintiffs' claims to equitable relief, the action is hereby dis-

missed for want of equity jurisdiction over the subject matter;

(3) that as to plaintiffs' claims to declaratory relief, the action is hereby dismissed upon the ground that no justiciable controversy is presented, and the Court for that reason lacks jurisdiction over the subject matter;

(4) that this dismissal shall not operate as an adjudication upon the merits, except as to the equitable relief sought [Fed.R.Civ.P. 41(b), 28 U.S.C.A.]; and

(5) that the Clerk this day serve copies of this order by United States mail upon the parties appearing in this cause.