John Allen DAWSON, In person and for all persons similarly situated, Plaintiff,

v.

DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, Langhorne Bond, Administrator, Oklahoma State Department of Health, Dr. Joan Leavitt, Director, Defendants.

No. CIV-79-72-D.

United States District Court, W. D. Oklahoma.

June 13, 1979.

Bob R. Schick, Oklahoma City, Okl., for plaintiff.

Larry D. Patton, U. S. Atty., by Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for defendant Dept. of Transp., FAA, Bond.

Jan Eric Cartwright, Atty. Gen., by John Gregory Thomas, Asst. Atty. Gen., Robert D. Kellogg, Atty., Oklahoma State Dept. of Health, Oklahoma City, Okl., for defendant Oklahoma State Dept. of Health, Leavitt.

## ORDER

DAUGHERTY, District Judge.

This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, wherein Plaintiff seeks a judgment declaring a proposed landfill in Oklahoma City to be an "airport hazard" as defined in 49 U.S.C. § 1101(a)(4)[1] and an injunction enjoining the Defendants from issuing the permit required for the landfill. In his Complaint, Plaintiff states that he is a li-

---

1. 49 U.S.C. § 1101(a)(4) was repealed by the Airport and Airway Development Act of 1970, 49 U.S.C. § 1701 et seq., which defined the term "airport hazard" at 49 U.S.C. § 1711(3). The Airport and Airway Development Act Amendments of 1976 redesignated § 1711(3) as 49 U.S.C. § 1711(4). Thus, the current definition of the term "airport hazard" found at § 1711(4) is as follows:

    "Airport hazard" means any structure or object of natural growth located on or in the vicinity of a public airport or any use of land

censed commercial pilot as well as a licensed specialist in aircraft accident prevention and alleges that the proposed landfill will constitute a severe hazard to aircraft making instrument approach landings at both Wiley Post and Will Rogers Airports because of the large number of birds that the proposed landfill will attract. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

Defendants Oklahoma State Department of Health and Dr. Joan Leavitt have filed herein a Motion to Dismiss Plaintiff's action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted on the grounds that Plaintiff is not the real party in interest in this case and has not exhausted his state administrative remedies. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

In order for the Court to grant relief under the Declaratory Judgment Act, *supra,* an "actual controversy" is required. 28 U.S.C. § 2201; *Norvell v. Sangre de Cristo Development Company, Inc.,* 519 F.2d 370, 377–378 (Tenth Cir. 1975); *United States v. Fisher-Otis Company, Inc.,* 496 F.2d 1146, 1151 (Tenth Cir. 1974). The mere possibility or even probability that a person may be adversely affected in the future by official acts does not create an "actual controversy" within the meaning of § 2201. *Garcia v. Brownell,* 236 F.2d 356, 358 (Ninth Cir. 1956). Furthermore, the declaratory judgment procedure will not be used to pre-empt and prejudge issues that are committed for initial decision to an administrative body. *Public Service Commission of Utah v. Wycoff Company, Inc.,* 344 U.S. 237, 246, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *Hanes Corp. v. Millard,* 174 U.S. App.D.C. 253, 531 F.2d 585, 596 (D.C.Cir. 1976); *see generally* 10 Wright and Miller, *Federal Practice and Procedure:* Civil §§ 2757 and 2758 (1973).

From the record before the Court in the instant case, it appears without dispute that the permit required by Oklahoma law for the proposed landfill has not been issued. Moreover, the Defendants state in their Brief in support of the instant Motion that the application for said permit is not yet complete and cannot be processed until it has been completed. Under these circumstances, it is apparent that at best, there is presently only a mere possibility that Plaintiff will be affected by the proposed landfill. Furthermore, if the Court were to grant the relief sought by Plaintiff in this action, the Court would effectively pre-empt the Defendant Oklahoma State Department of Health from deciding whether the required permit for the proposed landfill should be granted, an issue committed to said Defendant for decision by Oklahoma law. *See* 63 Okla.Stat.Supp.1978 § 2258 and 63 Okla.Stat.1971 § 2260. In view of the foregoing, the Court finds and concludes that Plaintiff's Complaint fails to allege an "actual controversy" and therefore fails to state a claim upon which relief can be granted. *Garcia v. Brownell, supra.* Accordingly, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed.

---

near such airport, which obstructs the airspace required for the flight of aircraft in landing or taking off at such airport or is otherwise hazardous to such landing or taking off of aircraft.