SHAPE OF THINGS TO COME, INC., Plaintiff,

v.

COUNTY OF KANE, et al., Defendants.

No. 83 C 812.

United States District Court, N.D. Illinois, E.D.

June 20, 1984.

"good faith" immunity. *Rodriquez* and *Smith* were cited only as "further support . . .". *Garris, supra,* at 1273, fn. 6.

Michael A. Reiter, Katten, Muchin, Zavis, Pearl & Galler, Barry J. Parker, Chicago, Ill., Frank Owen, Hinsdale, Ill., for plaintiff.

Anthony G. Scariano, Anthony Scariano, Robert H. Ellch, David W. Regnier, Scariano, Kula & Assoc., Chicago Heights, Ill., James T. Doyle, P. Scott Courtin, John K. Lohrstorfer, Steven L. Kadden, City of Aurora Law Dept., Aurora, Ill., John L. Martin, James L. Tuohy, Tuohy & Martin, Chicago, Ill., Pamela Kirkland Jensen, Linda Soreff Siegel, David R. Akemann, Asst. State's Attys., Robert J. Morrow, Kane County State's Atty., Geneva, Ill., for defendants.

Bruce Goldsmith, Richard Schiller, Goldsmith, Thelin, Schiller & Dickson, Aurora, Ill., for Dickes.

Paul L. Pawlowski, Thomas M. Burnham, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for Kenneth Mendel.

Steven R. Ross, Gen. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C.

## MEMORANDUM OPINION AND ORDER

DECKER, Senior District Judge.

This case concerns the Aurora Parc housing project (Aurora Parc) in Aurora, Illinois. Plaintiff, Shape of Things to Come, Inc. (STC), served a subpoena duces tecum on the office of U.S. Representative Thomas Corcoran (Rep. Corcoran), seeking the production of all documents in Rep. Corcoran's files which relate to Aurora Parc. Rep. Corcoran opposes production of some, but not all, of those documents. The case is before the court on STC's motion to compel their production.

■ STC is entitled under Fed.R.Civ.P. 26(b) to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action ...." Questions of relevancy and privilege are usually for the court. *E.g. Community Savings and Loan Assn. v. Federal Home Loan Bank Board*, 68 F.R.D. 378, 381 (E.D.Wis.1975). Securing documents from a member of the U.S. House of Representatives, however, triggers a different procedure.

Rule L of the House of Representatives requires Rep. Corcoran to notify the Speaker whenever he receives a subpoena "for the production or disclosure of any documents relating to the official functions of the House ...." House Rule L (Exhibit 2 to Rep. Corcoran's Opposition to Motion to Compel). Rep. Corcoran notified the Speaker of STC's subpoena by letter. 130 Cong.Rec.H. 11 (daily ed., January 23, 1984). The rule also requires a determination "whether the issuance of the subpoena or other judicial order is a proper exercise of the court's jurisdiction, is material and relevant, and is consistent with the privileges and rights of the House." *Id.* at 2. Rep. Corcoran may make this determination himself or he may seek a ruling from the court, but he must inform the Speaker before he submits these matters to the court. *Id.* He must report the determination, by whomever made, to the Speaker. *Id.* Rep. Corcoran must comply with the subpoena if it satisfies the three conditions, unless the House resolves otherwise. *Id.*

■ Article 1, § 5, cl. 2 of the United States Constitution empowers the House of Representatives to adopt its rules. The rules have the force of law, *Randolph v. Willis*, 220 F.Supp. 355, 358 (S.D.Cal.1963), and Congressmen must abide by them. *Yellin v. United States*, 374 U.S. 109, 114, 83 S.Ct. 1828, 1832, 10 L.Ed.2d 778 (1963). The rules are subject only to constitutional restrictions. *United States v. Ballin*, 144

U.S. 1, 5, 12 S.Ct. 507, 509, 36 L.Ed. 321 (1892). STC raises no constitutional objection to Rule L.

 This motion raises questions of relevancy and privilege. Neither issue is properly before the court. Rep. Corcoran is empowered to decide whether the material sought from him is relevant to this case and whether production is consistent with his rights and privileges as a member of the House. Until he informs the Speaker and properly seeks a ruling from this court, the court cannot, consistent with House Rule L, decide these questions. *Cf. Randolph v. Willis,* 220 F.Supp. at 359–360 ("[I]t would be an unwarranted interference with the powers conferred by the Constitution upon the legislative branch of the government for any court to presume to dictate [a determination left to a House Committee under the House rules]."). Rep. Corcoran has expressly reserved the right to determine whether any of the material sought is privileged. 130 Cong. Rec.H. 11 (daily ed., January 23, 1984); Rep. Corcoran's Supplemental Memorandum in Opposition to Motion to Compel at 4. He invites the court to decide the relevancy issue but apparently has not informed the Speaker of his intention to do so. Neither question is, therefore, properly before the court.

Due deference to the Rules of the House of Representatives requires the court to deny STC's motion to compel production at this time. Rep. Corcoran must follow Rule L and either decide whether the documents sought are privileged and inform the House of his determination, or inform the Speaker of his intention to seek a judicial determination. STC served this subpoena in January, 1984. Rep. Corcoran has already searched for the documents and classified them. *See* Rep. Corcoran's Supplemental Memorandum in Opposition to Motion to Compel at 2. The court sees no reason why Rep. Corcoran cannot comply with Rule L promptly. The court accordingly sets this case for a status hearing on Thursday, July 12, 1984, at 10:00 o'clock

A.M., at which time counsel for Rep. Corcoran can report his progress to the court.

For the reasons stated above, the court denies plaintiff's motion to compel production and sets this case for a status hearing on Thursday, July 12, 1984, at 10:00 A.M.