Michael J. BENNETT et al.

v.

Caryl M. KLINE et al.

Civ. A. No. 78–1992.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Jan. 23, 1980.

John T. Acton, Ilene V. Goldberg, Willow Grove, Pa., for plaintiffs.

Philip J. Murren, Harrisburg, Pa., for Waltrich Intervenors.

Patricia Donovan, Deputy Atty. Gen., Dept. of Ed., Harrisburg, Pa., for Pa. Dept. of Ed.

Paul L. Stevens, Morrisville, Pa., for Pennsbury School Dist.

Kenneth R. Williams, Doylestown, Pa., for Central Bucks School Dist.

Jane D. Elliott, Philadelphia, Pa., for Ching Intervenors.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

■ The present action challenges the constitutionality of the use of state and federal funds to transport public and nonpublic school students pursuant to the Pennsylvania Public School Code, 24 P.S. § 13–1361.[1] Plaintiffs contend that transporting nonpublic school children up to 10 miles beyond established school district boundaries violates the Establishment of Religion and Equal Protection Clauses of the United States Constitution and Article I, Section 3 of the Constitution of the Commonwealth of Pennsylvania. Arguing that these contentions are foreclosed by prior court decision, defendants moved for judgment on the pleadings.

■ To rule on defendants' motion, we must first determine the basis for the United States Supreme Court's action in *School District of Pittsburgh v. Pennsylvania Department of Education*, 443 U.S. 901, 99 S.Ct. 3091, 61 L.Ed.2d 869 (1979), and its companion case, *Pequea Valley School Dis-*

1. The Act provides in part:

The board of school directors in any school district may . . . provide for the free transportation of any resident pupil to and from the kindergarten, elementary school, or secondary school in which he is lawfully enrolled, provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries at a distance not exceeding ten miles by the nearest public highway . . . . When provision is made by a board of school directors for the transportation of public school pupils to and from such schools . . . the board of school directors shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools . . . . .

*trict v. Pennsylvania Department of Education, Id.* In those cases the Supreme Court dismissed for want of a substantial federal question appeals from the ruling of the Supreme Court of Pennsylvania upholding the constitutionality of the same statute in question here. These dismissals are decisions on the merits of the case and, therefore, are binding on this court. *See, e. g., Hicks v. Miranda,* 422 U.S. 332, 333–35, 95 S.Ct. 2281, 2284–85, 45 L.Ed.2d 223 (1975); *Colorado Springs Amusements, Ltd. v. Rizzo,* 524 F.2d 571, 575 (3d Cir. 1975), *cert. denied,* 428 U.S. 913, 96 S.Ct. 3228, 49 L.Ed.2d 1222 (1976); *United States ex rel. Wojtycha v. Hopkins,* 517 F.2d 420 (3d Cir. 1975) (dictum); *Government of Virgin Islands v. 19.623 Acres of Land,* 536 F.2d 566, 571 (3d Cir. 1976). Under these rulings, our initial task is to ascertain what issues were properly presented to the United States Supreme Court and declared to be without substance. *Hicks,* 422 U.S. at 345 n. 14, 95 S.Ct. at 2290 n. 14. *See generally,* Comment, *The Precedential Weight of a Dismissal by the Supreme Court for Want of a Substantial Federal Question: Some Implications of Hicks v. Miranda,* 76 Colum.L. Rev. 508 (1976). If we find an issue has been declared to be without substance by the Supreme Court, we may not independently consider its merits, at least absent a subsequent signal that the Court has altered its position. The decision of the Supreme Court of Pennsylvania and the jurisdictional statements of the appellants provided the bases for the Supreme Court's holding. *See Government of Virgin Islands, supra* at 571; Annotation, *Precedential Weight of Supreme Court's Memorandum Decision Summarily Affirming Lower Federal Court Judgment on Appeal or Summarily Dismissing Appeal from State Court Federal Cases,* 45 L.Ed.2d 791, 794.

The extensive opinion of the Supreme Court of Pennsylvania rejected the claim that the Act[2] violated either the Establishment or Equal Protection Clauses. *Springfield School District v. Department of Education,* 483 Pa. 539, 397 A.2d 1154 (1979). In its analysis of the Establishment claim, the court examined the purpose of the legislation, its primary effect and the degree of church and state entanglement created. It found that the purpose of the Act was to insure the health and safety of students who required transportation to school. *Id.* at 1160.[3] This secular purpose was constitutionally permissible. The court further ruled that the primary effect of the Act neither aided nor inhibited religion but rather provided equal treatment to public and private school students. Recognizing that a higher per pupil expenditure for nonpublic school students might result, the court held that because the identical benefit, i. e., transportation to school, was provided to each student, disparities in the cost of that transportation were not significant. *Id.* at 1160–66. Despite differences in cost, each student simply received transportation to school. Finally, the court rejected the argument that either the alleged political controversy created or the supervisory duties required were sufficient evidence of excessive entanglement to render the program constitutionally infirm. *Id.* at 1166–68.

In light of its holdings concerning the Establishment Clause, the Supreme Court of Pennsylvania also rejected the Equal Protection claims. The court ruled that the Act neither discriminated between public and nonpublic school students nor between students attending nonpublic schools in business for profit and all other students. On appeal to the United States Supreme Court, the Pequea Valley jurisdictional statement raised the question of whether the Act violates the Establishment or Equal Protection Clauses.

**2.** Act 372, the 1972 Amendments to 24 P.S. § 13–1361. See note 1.

**3.** A similar purpose for transporting students existed in *Everson v. Bd. of Educ.,* 330 U.S. 1,

67 S.Ct. 504, 91 L.Ed. 711 (1947), where a state transportation program withstood a constitutional challenge.

## The Claims

In light of the foregoing review, we must examine the extent to which the plaintiffs' claims duplicate the issues the Supreme Court has determined are insubstantial.

### 1. Establishment of Religion

Plaintiffs make numerous arguments to distinguish their claims from those presented to the Court. First, they assert that they have evidence to demonstrate the disproportionate per pupil cost of busing non-public school students to schools. Second, they contend that the purpose of the Act, the safety of students, is merely a ruse to justify aid to parochial schools. Third, they argue that the expenditure of federal funds is constitutionally distinguishable from expenditure of state funds. Fourth, they opine that taxpayers and parents raise different issues from those raised by the school districts in prior cases. Finally, they urge that reimbursement to parents be viewed differently from reimbursement to school districts.

We disagree that the claims of greater per pupil cost and improper purpose distinguish this case from *Springfield* and *Pequea Valley*.[4] The Supreme Court of Pennsylvania stated:

> We do not accept the district court's implicit premise that the equality of benefit is to be determined by a comparison of the cost involved. The benefit provided is safe transportation to and from school for all students; the fact that the cost of conferring this benefit may vary is not significant for this purpose. A constitutional consideration would arise only if the cost of transportation for students attending sectarian schools was so disproportionate that it became apparent that the transportation provided to the public school youngster was merely a ruse to confer a benefit to the sectarian pupil.

Such is clearly not the case here. *Id.* at 1164, n. 9.

Moreover, in a separate discussion, the court found that the Act advances the secular legislative goal of protecting children. *Id.* at 1160. Thus the court expressly considered and rejected the argument that unequal costs of providing transportation produced the primary effect of aiding religion or that the program was merely a ruse to aid sectarian pupils. The opinion leaves no room for the present argument that a transportation program operated pursuant to these same statutory provisions is a ruse or has the primary effect of aiding religion. Consequently, we feel precluded from reconsidering either contention.

The issues presented in the Pequea Valley jurisdictional statement also lead us to reject plaintiffs' arguments. The appellant based its claim under the Establishment Clause[5] on the three part test which includes an examination of the statute's purpose and primary effect and its implication for church-state entanglement. *See* Pequea Valley Jurisdictional Statement at 10. It directly challenged the equality of benefits and also noted that the statute "purports to be a legislative enactment designed to protect the health and safety of Pennsylvania's school age children." *Id.* at 12. Appellant's arguments comport with prior Supreme Court decisions examining statutes on the basis of this three part test.[6] Consequently, when the court rejected the appeal as insubstantial, it foreclosed a reexamination on these grounds.

 The argument that the use of federal funds somehow creates constitutional issues different from use of state funds is without merit. The First Amendment by its terms restrains Congress, and applies to

---

4. *Pequea Valley School Dist. v. Dept. of Educ.* and *School Dist. of Pittsburgh v. Department of Educ.* were decided together with *Springfield.* Only the Pequea Valley and Pittsburgh school districts appealed.

5. The questions presented were cast in general terms—one citing the Establishment Clause

and the second the Equal Protection Clause. *See* Pequea Valley jurisdictional statement at 4.

6. *See, e. g., Roemer v. Md. Public Works Bd.,* 426 U.S. 736, 96 S.Ct. 2337, 49 L.Ed.2d 179 (1976); *Meek v. Pittenger,* 421 U.S. 349, 95 S.Ct. 1753, 44 L.Ed.2d 217 (1975).

**40**

the states through the Fourteenth Amendment. *Murdock v. Pennsylvania*, 319 U.S. 105, 108, 63 S.Ct. 870, 872, 87 L.Ed. 1292 (1943); *Cantwell v. Connecticut*, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940). We fail to see any policies which lead to a different application of the First Amendment based on the source of the funds. Likewise, the plaintiffs as taxpayers or parents create no new First Amendment claims. The key questions are whether the statute has the purpose or primary effect of aiding religion or whether it creates an excessive entanglement. Regardless of the parties bringing the claim, the issues are the same. Thus, this case differs from a due process argument where the situation of the parties may be of determining weight. *Compare Wager v. Lind*, 389 F.Supp. 213 (S.D.N.Y.1975) with *Government of Virgin Islands, supra.*

■ Finally, for constitutional purposes, reimbursing parents of private school children for actual transportation costs is not substantially different from providing that transportation to the children directly. The benefit provided is free transportation to school. Indeed, under some circumstances the state may save money by allowing parents to make their own arrangements at state expense rather than sending school buses to transport the students. Moreover, in *Everson v. Board of Education*, 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947), where the Supreme Court upheld the transportation of nonpublic school children along established district lines, the plan in question provided for reimbursement to parents. As long as the reimbursement to each parent represents the actual money expended for transportation, it seems identical to providing the transportation itself. If transportation does not present a substantial federal question, neither does reimbursement.

Equal Protection of the Law

Plaintiffs contend that "the Act discriminates against public school students and their parents and denies the equal protection of the law to students in violation of the Fourteenth Amendment of the United States of America." Plaintiffs' complaint at 11. This argument was directly rejected by the Supreme Court of Pennsylvania, *Springfield School District, supra* at 1168, and rests on the same foundation as the Establishment claim. If the purpose of the Act is permissible and its primary effect is neutral, public school students have little basis for a claim of discrimination. Likewise, any claim by the parents raises the same issues as a claim by the students because the only benefit provided is free transportation to the students by supplying transportation or reimbursing parental expenditures. As with the Establishment Clause claim, the equal protection claim was listed in the questions presented and included in the jurisdictional statements.

Pennsylvania Constitution

■ In *Springfield School District, supra*, the Supreme Court of Pennsylvania rejected the claim that the Act violates the Constitution of the Commonwealth of Pennsylvania. Determinations of state law by the highest court of the state are binding on federal courts. *See, e. g., Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). Consequently, the claim must be dismissed.

Thus, based on prior rulings, each of plaintiffs' claims is insufficient as a matter of law. Accordingly, defendants' motion for judgment on the pleadings will be granted.