**Beverly and Richard PRETTYMAN, et al., Plaintiffs,**

v.

**STATE OF NEBRASKA, COUNTY OF CASS, and Ronald D. Moravec, County Attorney of Cass County, Defendants.**

**Civ. No. 82–0–154.**

United States District Court, D. Nebraska.

April 15, 1982.

---

1. See also dicta in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 355, 95 S.Ct. 449, 455, 42 L.Ed.2d 477 (1974).

S. J. Albracht of Lathrop, Albracht & Swenson, Omaha, Neb., for plaintiffs.

Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior District Judge.

THIS ACTION seeking a preliminary injunction[1] is brought by members of the Faith Baptist Church of Louisville, Nebraska, against the State of Nebraska, the County of Cass and Ronald D. Moravec, County Attorney for Cass County. The plaintiffs' prayer is for an order enjoining the defendants from prohibiting the operation of their church school. Jurisdiction is allegedly conferred by 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

On April 6, 1982 a hearing on plaintiffs' application for a preliminary injunction was held. At the close of all the evidence the Court declined to grant the requested relief finding that the plaintiffs wholly failed to satisfy the requirements for a preliminary injunction. *See Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The defendants moved to dismiss alleging, *inter alia*, that the Court lacked jurisdiction and that the complaint failed to state a cause or claim upon which relief may be granted.

## BACKGROUND

The Faith Baptist Church began operating a school with grades from kindergarten through the twelfth grade in 1977. The school emphasized Christian education and philosophy. The plaintiffs' beliefs, as ex-

1. In lieu of the temporary restraining order initially prayed for, the parties agreed to have the matter considered as an application for a preliminary injunction.

pressed by the church pastor who testified at the hearing, mandate a Christian education for their children which cannot be accomplished through the public school system.

In 1978 an action against the Faith Baptist Church was brought by the State of Nebraska in the District Court of Cass County Nebraska to require the school to comply with the Nebraska statutes and regulations dealing with teacher and curriculum certification and with compulsory attendance. The school resisted arguing that the regulations in question were unconstitutional. The District Court upheld the State requirements as did the Nebraska Supreme Court. In *Nebraska v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981) the Supreme Court specifically rejected the church's contention that the Nebraska statutes are unconstitutional:

> The cases we have cited from the Supreme Court of the United States should leave no doubt as to the critical interest which the State has in the quality of education provided its youth. Although parents have a right to send their children to schools other than public institutions, they do not have the right to be completely unfettered by reasonable government regulations as to the quality of the education furnished. . . . The refusal of the defendants to comply with compulsory education laws of the State of Nebraska as applied in this case is an arbitrary and unreasonable attempt to thwart the legitimate, reasonable, and compelling interest of the State in carrying out its educational obligations, under a claim of religious freedom.

301 N.W.2d at 579–580. The church took its cause to the United States Supreme Court which dismissed the appeal for want of a substantial federal question. See —— U.S. ——, 102 S.Ct. 75, 70 L.Ed.2d 72 (1981).

Despite the findings of the Nebraska Courts and the ruling of the United States Supreme Court, the school continued to operate in violation of Nebraska law. After exercising a laudable patience with recalcitrant church officials the state court charged with enforcing the Nebraska Supreme Court's mandate was ultimately prompted to padlock the school and find the church's pastor in contempt. The school finally ceased operation on March 2, 1982. It is with this stormy history that the present action comes before the Court.

## THE PRELIMINARY INJUNCTION

The plaintiffs seek injunctive relief allegedly because the Nebraska statutes and regulations dealing with educational facilities are unconstitutional. The complaint does not specify which statutes and regulations are constitutionally infirmed except by generally referring to the statutes and regulations which the State sought to enforce in the prior proceedings.

■ The evidence adduced in support of this claim did little more than detail the actions taken by the plaintiffs to circumvent that decision.[2] No attempt was made to demonstrate that the challenged regulations were unreasonable or otherwise not calculated to meet the State's significant interest in the education of its young. *See Wisconsin v. Yoder*, 406 U.S. 205, 213, 92 S.Ct. 1526, 1532, 32 L.Ed.2d 15 (1972). In light of the Nebraska Court's holding and the plaintiffs' failure to even identify the specific constitutional deficiencies in the challenged regulations, it can hardly be said that plaintiffs are likely to prevail on the merits. *See Dataphase, supra.*

■ The plaintiffs claim that closing their school results in irreparable injury because they have no viable educational alternative for their children. Plaintiffs find the "secularism" of public schools philosophically unacceptable and allege that, as a practical matter, there are no other parochial institutions available to them. As the Nebraska Court recognized, the plaintiffs do not really face the Hobson's choice they

2. The pastor of the Faith Baptist Church, Rev. Sileven, testified that after the school was closed pursuant to a state court order the students were transported to other locations in Nebraska and Iowa to continue their parochial education.

claim. The challenged statutes do not prevent the plaintiffs from operating a school which inculcates their children with their religious convictions, they only require that the school meet the *de minimus* certification and attendance standards imposed on all Nebraska schools to ensure that the State meets its educational obligations to its young people. Under the circumstances here, plaintiffs alleged injury seems precipitated more by obstinance than by the caprice of the State. In short, plaintiffs failed to make out a case for injunctive relief.

## DEFENDANTS' MOTION TO DISMISS

All of the defendants filed motions to dismiss alleging that the Court lacks personal and subject matter jurisdiction, that the complaint fails to state a claim upon which relief can be granted; and that the defendants are immune from suit. After carefully considering the defendants' motion, the Court finds that they should be sustained.

 A dismissal by the United States Supreme Court for want of a substantial federal question is a dismissal on the merits which lower courts are obliged to follow. *Hicks v. Miranda*, 422 U.S. 332, 334, 95 S.Ct. 2281, 2284, 45 L.Ed.2d 223 (1975); *Cervantes v. Guerra*, 651 F.2d 974, 981 (5th Cir. 1981); *Wright v. Lane County Dist. Court*, 647 F.2d 940, 941 (9th Cir. 1981); *Carpenters Pension Trust v. Kronschnabel*, 632 F.2d 745 (9th Cir. 1980). Here, while the parties differ from those in *Nebraska v. Faith Baptist Church, supra*, the issues and arguments do not.[3] In fact, the issues are framed in plaintiffs' complaint exclusively by reference to that action. Accordingly, this Court is bound to follow the Supreme Court's pronouncement in that case and hold that the issues raised by plaintiffs do not present a substantial federal question.

A case similar to the present one is *Bennett v. Kline*, 486 F.Supp. 36 (E.D.Penn. 1980), aff'd, 633 F.2d 209 (3rd Cir. 1980). There, the plaintiffs challenged the constitutionality of a Pennsylvania statute which permitted the use of federal and state funds to transport nonpublic school children beyond established school district boundaries. The defendants moved for judgment on the pleadings arguing that the suit was foreclosed by prior court decisions. The same constitutional issues raised in that action were considered and rejected in an extensive opinion by Pennsylvania's Supreme Court. The United States Supreme Court dismissed an appeal from the Pennsylvania court's decision for want of a substantial federal question. In granting the motion to dismiss the court in *Bennett* observed that "if we find an issue has been declared to be without substance by the Supreme Court, we may not independently consider its merits, at least absent a subsequent signal that the Court has altered its position." 486 F.Supp. at 38.

The analysis by the court in that case is applicable here. The precise issues raised by the plaintiffs have already been determined not to present a substantial federal question by the highest court in the land—that decision is controlling. *See McCarthy v. Philadelphia Civil Service Comm.*, 424 U.S. 645, 646, 96 S.Ct. 1154, 1155, 47 L.Ed.2d 366 (1976).

 Plaintiffs also allege a cause of action against the defendants under the Civil Rights statutes, specifically 42 U.S.C. § 1983. Even giving the complaint the liberal construction which federal notice pleading requires, it does not allege facts against any of the defendants which are actionable under 1983. The defendant State of Nebraska is, of course, not amenable to suit under the statute. *Aubuchon v. Missouri*, 631 F.2d 581, 582 (8th Cir. 1980), *cert. denied* 450 U.S. 915, 101 S.Ct. 1358, 67 L.Ed.2d 341; *Meyer v. New Jersey*, 460

3. The issues considered by the Nebraska Supreme Court included whether the State's compulsory education statutes requiring certain minimum programs of instruction and teacher certification are reasonably related to the

State's interest in quality education and thus not violative of the First, Ninth or Fourteenth Amendments. The same issues were presented to the United States Supreme Court. 50 U.S. L.W. 3115 (August 25, 1981).

F.2d 1252, 1253 (3rd Cir. 1972). The Cass County Attorney, Ronald D. Moravec "enjoys absolute immunity with respect to initiating a prosecution and presenting the State's case." *White v. Bloom*, 621 F.2d 276, 280 (8th Cir. 1980). *See Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984, 985, 47 L.Ed.2d 128 (1975). And there is no allegation in the complaint that Mr. Moravec's involvement in this matter is not limited to his official capacity. With regard to the defendant Cass County, there is nothing in the complaint which identifies any action, custom or policy of the county which allegedly deprived the plaintiffs of their constitutional rights. There is not even a specific reference to the County in plaintiffs' allegations. *See generally, Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). Accordingly, the Court finds that the plaintiffs' 1983 claims should be dismissed.

The Supreme Court of the United States has considered the issues raised here and found they lack a substantial federal question. No cause of action under 1983 is stated in the complaint.

THEREFORE,

IT IS HEREBY ORDERED that the defendants' motions are sustained and the complaint is dismissed.