James D. CLARK, Plaintiff-Appellant,

v.

COUNTY OF WINNEBAGO, a body politic, Defendant-Appellee.

No. 85–2994.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 5, 1986.

Decided April 20, 1987.

Rehearing Denied May 29, 1987.

Bernard P. Reese, Jr., Reese, Reese & Bagley, Rockford, Ill., for plaintiff-appellant.

Gary L. Kovanda, Winnebago County State's Atty. Office, Rockford, Ill., for defendant-appellee.

Before FLAUM and EASTERBROOK, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

The plaintiff, James D. Clark, brought an action under 42 U.S.C. § 1983 and the fourteenth amendment against the County of Winnebago, Illinois (the County), alleging that the denial of his request to rezone his property as a mobile home district violated his right to due process. He also challenged the constitutionality of those portions of the County's zoning ordinance regulating mobile homes. The district court entered judgment for the County. We affirm.

I

The County has adopted a zoning ordinance that regulates the uses of land within the County. The ordinance establishes the zoning classification of "Mobile Home District" as a separate district and provides that, with limited exceptions, mobile homes may not be located outside a mobile home

district.[1] It additionally sets forth certain performance standards for mobile home parks located within such a district.

The County also has adopted a comprehensive land use plan, known as the Year 2000 Plan, to provide for the orderly development of the County. The Plan identifies Clark's property and the surrounding area as "low density residential," which calls for a density of two to seven dwelling units per acre.

Clark's property is currently zoned as an agricultural district. The surrounding property, which has undergone very little development, is zoned agricultural and rural residential. The predominant use in the surrounding area is single family residential, with residences located on lots ranging in size from 12,000 to 45,000 square feet. The density in the vicinity is approximately one to three dwelling units per acre.

In 1983, Clark sought to have a portion of his property rezoned as a mobile home district so that he could place a mobile home park on the property. The section of the zoning ordinance governing mobile home parks allows a minimum lot size of 6,000 square feet,[2] resulting in a density of slightly over six units per acre when open space and road requirements are taken into account. Clark also filed a petition to have another portion of his property zoned "R–1 One-Family Residential District," which provides for a minimum lot size of 6,600 square feet.[3] After a public hearing, the County Board granted the petition requesting rezoning to "R–1 District" but denied the petition requesting rezoning to "Mobile Home District."

Clark subsequently brought an action for declaratory, injunctive, and monetary relief against the County, challenging on due process grounds the denial of his zoning request as well as the ordinance's disparate treatment of mobile homes and site-built homes. After a trial on the merits, the district court concluded that neither the ordinance nor the zoning decision was so irrational or unrelated to the general welfare as to implicate the fourteenth amendment. Clark appeals.

## II

Clark contends that the County zoning ordinance regulating mobile homes is facially unconstitutional because it arbitrarily discriminates between site-built homes and mobile homes. According to Clark, in light of recent technological advances in the mobile home industry, the County has no legitimate governmental interest in distinguishing between mobile homes and conventional homes or between mobile home parks and other residential subdivisions.

■ It is well-established that, as an exercise of the police power, a zoning ordinance is presumed to be constitutionally valid. *See Goldblatt v. Town of Hempstead*, 369 U.S. 590, 596, 82 S.Ct. 987, 991, 8 L.Ed.2d 130 (1962). The party attacking the ordinance bears the heavy burden of

---

**1.** Code of Winnebago County, Ill., §§ 16–39 to –41 (1983). Section 16–40 provides:

No mobile home, whether occupied or unoccupied, may be located or placed outside the mobile home district, except as follows:

1. For use as a shelter on the site of a construction project, during the course of construction; provided, the mobile home shall not be occupied for human habitation.

2. For display purposes as a part of a mobile home sales or rental business; provided, the mobile home shall not be occupied for human habitation.

3. For use in conjunction with carnivals, circuses, fairs or rodeos while they are on the site.

4. For replacement of an existing mobile home pursuant to Section 16–17 of this Chapter, and only with a special use permit.

Section 16–4 of the Code defines "Mobile Home" as follows:

A structure transportable in one or more sections, which is 8 body feet or more in width or 32 body feet in length, built on a permanent chassis and designed to be used as a dwelling with or without a permanent foundation when connected to the required utilities, and includes the plumbing, heating, air conditioning, or electrical systems contained therein.

**2.** Code of Winnebago County, Ill., § 16–41(2)(b).

**3.** Code of Winnebago County, Ill., § 16–34(3)(a).

showing that the ordinance is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926); *Albery v. Reddig*, 718 F.2d 245, 251 (7th Cir.1983). The ordinance will be upheld if any facts either known or reasonably assumed will support it. *Goldblatt*, 369 U.S. at 596, 82 S.Ct. at 991.

We agree with the district court that Clark failed to establish that the ordinance is clearly unrelated to a legitimate governmental interest. Mobile home parks are a sufficiently distinct use of land to justify their separate classification for zoning purposes. For instance, mobile home parks, with their smaller lot sizes, affect population density, and the County unquestionably has a right to control the orderly development of the community by regulating density. The County's decision to regulate the location of individual mobile homes [4] is similarly supported by the differences between mobile homes and site-built homes. There was testimony at trial that, despite advances in the mobile home industry, distinctions between mobile homes and site-built homes still exist with respect to design, construction, and general appearance.[5] While some mobile homes may compare favorably with conventional homes, zoning classifications necessarily require that generalizations be made. Mathematical certainty is not required for the ordinance to pass constitutional muster, so long as there is a reasonable basis for the classification chosen. *See Euclid*, 272 U.S. at 388–89, 47 S.Ct. at 118. In light of these principles, we cannot say that the restriction on the placement of mobile homes is so arbitrary that it violates due process.

Clark additionally challenges the ordinance as applied to him. He claims that the denial of his request to rezone his property as a mobile home district was arbitrary and therefore deprived him of his right to due process. Once again, however, we conclude that Clark has failed to overcome the presumption of validity to which the zoning decision is entitled. The County could have rationally concluded that the density of the mobile home park would have been incompatible with the surrounding vicinity. The Year 2000 Plan called for a density of two to seven units per acre, but a mobile home park would fall within the upper end of the scale, while the existing density of the area falls within the lower end. In fact, there was testimony at trial that Clark's property was not suitable for a mobile home park for this reason.[6] Although several witnesses testified that a mobile home park would be compatible with the surrounding area, as long as there is room for disagreement, the local zoning decision must control. *See Euclid*, 292 U.S. at 388, 47 S.Ct. at 118.

For the foregoing reasons, the judgment of the district court is affirmed.

---

4. The County maintains that the zoning ordinance does not exclude all mobile homes from residential districts. According to the County, mobile homes which satisfy both the building code and the definition of "dwelling" in section 16–4 may be placed on property zoned for residential use. However, nowhere in its brief does the County even acknowledge section 16–40, which states that "[n]o mobile home, whether occupied or unoccupied, may be located or placed outside the mobile home district." In light of section 16–40, we must assume that all structures that fall within the definition of "mobile home" can be placed only in a mobile home district.

5. Trial transcript at 352–55, 379–82 (testimony of Thompson A. Dyke).

6. Trial transcript at 362–66 (testimony of Thompson A. Dyke).