**CREEKSIDE ASSOCIATES, INC. and Oak Park Trust & Savings Bank, not individually but as Trustee under Trust Agreement dated August 28, 1954, and known as Trust No. 2585, Plaintiffs,**

v.

**CITY OF WOOD DALE, Jerry C. Greer, Robert Burns, Patricia Gbur, Elizabeth Hughes, Dino Janis, Janet Krebs, Norty Turchen and Tony Zoubek, Defendants.**

No. 88 C 0122.

United States District Court, N.D. Illinois, E.D.

April 29, 1988.

---

Anthony C. Valiulis, Deborah L. Schmitt, Howard M. Cohen, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., for plaintiffs.

Alan J. Brinkmeier, Pretzel & Stouffer, Chicago, Ill., Erwin W. Jentsch, Bradtke & Zimmerman, Mt. Prospect, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Creekside Associates, Inc. ("Creekside") and Oak Park Trust and Savings Bank ("Oak Park Bank") filed this Section 1983 action to challenge the defendants' decision to reject plaintiffs' property development plan. The defendants now move to dismiss which, for the reasons stated below, we grant in part.

### I

Plaintiffs' complaint sets forth the following allegations which we take as true for purposes of this motion to dismiss. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). Oak Park Bank held title to a five-acre parcel of land in unincorporated DuPage County. Most of the property surrounding the parcel is part of the City of Wood Dale and zoned residential. Creekside and Oak Park Bank prepared a development plan for the parcel that envisioned the construction of residential townhouses ("Parcel Plan").

Section 26–2 of the Wood Dale municipal code provides that unincorporated land such as plaintiffs' parcel that is within a certain radius of Wood Dale cannot be subdivided and developed without the decision of the Wood Dale City Council to annex and appropriately zone the land. In an effort to obtain this approval, plaintiffs, working with city officials, prepared the Parcel Plan in compliance with the specifications of Wood Dale's Comprehensive Development Plan ("Wood Dale Plan"). The Wood Dale Planning Commission approved the Parcel Plan, and the Wood Dale City Council then scheduled a public hearing. Prior to the hearing, some residents and homeowners' associations solicited petitions against the Parcel Plan, persuaded others to pressure council members to reject it and met with council members to voice their opposition. At the public hearing, the City Council unanimously rejected the Parcel Plan without specifying their reasons in writing as required by the municipal code.

Plaintiffs now charge that by their refusal to approve the Parcel Plan, defendants arbitrarily and capriciously deprived plaintiffs of their property without compensation. Plaintiffs further charge that by their "secret meetings" with those in opposition to the plan and their failure to specify their reasons for rejecting the plan, defendants denied plaintiffs their procedural

due process rights. Plaintiffs seek injunctive relief and actual and punitive damages. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted and, alternatively, to dismiss the individual defendants' and plaintiffs' prayer for punitive damages.

## II

Dismissal of a claim is appropriate only when the plaintiff cannot prevail under any set of facts alleged in the complaint and any reasonable inferences therefrom. *Meriwether*, 821 F.2d at 411. Plaintiffs essentially allege the deprivation of two distinct constitutional rights: the right to notice and a fair hearing prior to the withholding of a property interest and the right to title and use of one's property. Defendants' motion to dismiss focuses solely on the procedural due process claim, contending that plaintiffs have failed to allege a property interest warranting the procedural protections of the Fourteenth Amendment. We agree. However, defendants provide no basis for the dismissal of plaintiffs' claim of the arbitrary denial of all use of their property without compensation,[1] and we accordingly strike from the complaint only that portion alleging a procedural due process violation.

The basis of plaintiffs' procedural due process claim is their objection to the tactics that opponents of the Parcel Plan used to sway the votes of the City Council members. Their tactics were the tactics of effective lobbyists—"secret meetings" with Council members, mass mailings and voter petitions. The United States Constitution does not guarantee that municipalities acting through its officials will never respond to the political pressures of lobbyists and constituents. To suggest otherwise would be tantamount to requiring that all decisions on legislation be preceded by a public hearing and that legislators quarantine themselves from any ex parte communication with their constituents or those most affected by the legislation.

The United States Constitution does however guarantee that elected officials and their administrators will not deny an individual certain entitlements without notice and a fair hearing, and the Supreme Court has framed this guarantee within the concept of "protected interests." An individual may not be deprived of a property interest without notice and a fair hearing if the individual has an entitlement to rather than a mere expectation of that interest. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972). Statutes, regulations and prior governmental practice can elevate an interest from an unprotected expectation to a protected entitlement. *See, e.g., Perry v. Sindermann*, 408 U.S. 593, 602, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Slochower v. Board of Education*, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692, *reh'g denied*, 351 U.S. 944, 76 S.Ct. 843, 100 L.Ed. 1470 (1956); *Valentine v. Joliet Township High School Dist.*, 802 F.2d 981 (7th Cir.1986). To state a procedural due process claim then, a plaintiff must plead the basis upon which the property interest at stake obtained the status of an entitlement.

Plaintiffs' claim presupposes an entitlement to the annexation and favorable zoning of their parcel. We understand that plaintiffs expected the City Council to vote to approve the Parcel Plan. However, nothing in the complaint establishes that such expectations rose to the level of an entitlement to such a vote. As the municipal code makes clear, the City Council must *vote* on all plans, not necessarily approve all plans that comply with the Wood Dale Plan or that the Planning Commission has already accepted. Indeed, the Wood Dale Plan itself states that the parcel "would at some point be annexed by the city," sug-

---

1. Defendants note that the complaint fails to mention the Fifth Amendment or the Takings Clause, the ultimate source of plaintiffs' property right claim. Such shortcomings are not fatal to the complaint. By expressly stating that defendants violated the Fourteenth Amendment by arbitrarily depriving them without compensation of all use of their parcel, plaintiffs have clearly put defendants on notice of the source and nature of their claim and thereby satisfied the pleadings requirements of the federal rules.

gesting the Council could reject annexation as premature. Plaintiffs also fail to allege that the Council has in all prior instances approved similar plans. Without such allegations, plaintiffs' procedural due process claim fails on the face of the complaint.

■ Plaintiffs' substantive due process claim fares better. Even if plaintiffs were not constitutionally entitled to a "fair hearing" before the City Council refused the Parcel Plan, plaintiffs are assured by the Fourteenth Amendment that their development plan will not be rejected arbitrarily and for reasons other than the promotion of a legitimate public policy. The Seventh Circuit has expressly recognized this right:

> [I]n order to prevail on a substantive due process claim, plaintiffs must allege and prove that the denial of their [residential subdivision] proposal is arbitrary and unreasonable bearing no substantial relationship to the public health, safety or welfare.

*Burrell v. Kankakee*, 815 F.2d 1127, 1129 (7th Cir.1987), citing *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). *See also Clark v. County of Winnebago*, 817 F.2d 407 (7th Cir.1987). Municipal decisions refusing to favorably zone property implicate the Constitution as much as decisions to unfavorably zone. *Shelton v. College Station*, 780 F.2d 475, 480 (5th Cir.), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). Plaintiffs have alleged that Wood Dale's refusal to annex and appropriately zone the parcel bore no relationship to public policy and served no legitimate public interest. While plaintiffs' burden of proving the absence of any legitimate justification for Wood Dale's decision may be difficult, we cannot conclude on the face of the complaint that a trier of fact could not find that Wood Dale's failure to annex and zone

the parcel for development in compliance with the Wood Dale Plan was arbitrary and capricious. On this basis alone, plaintiffs have stated a cognizable claim.

■ Plaintiffs have also stated a cognizable claim by alleging that the City Council's decision deprived them of all use of their property without compensation. A municipality cannot without compensation deprive a property owner of all reasonable uses of the property, even if such deprivation serves a legitimate public interest. *Barbian v. Panagis*, 694 F.2d 476, 482 (7th Cir.1982). If the government interferes so substantially with a property owner's use of property so as to deprive the owner of all or an essential use of his interest in the property, the Constitution requires that the owner be appropriately compensated. *Agins v. Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980); *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 84, 100 S.Ct. 2035, 2042, 64 L.Ed.2d 741 (1980); *Foster v. United States*, 607 F.2d 943 (Ct.Cl.1979). Again, plaintiffs bear a difficult burden. A mere reduction in the value of their property or a significant barrier to certain uses of the parcel does not necessarily trigger the compensation requirement. *Andrus v. Allard*, 444 U.S. 51, 100 S.Ct. 318, 62 L.Ed.2d 210 (1979). Nevertheless, by alleging that the City Council's decision rendered their property worthless, plaintiffs have stated a claim upon which relief can be granted and thereby survived this motion to dismiss.[2]

### III

■ The individual defendants additionally seek dismissal based on their absolute immunity from personal liability as legislators. Absolute immunity does not attach to all decisions of legislators merely by virtue of their legislative title. Rather,

---

**2.** Plaintiffs' apparent attempt to attach their procedural due process claim to these substantive property rights is misplaced. The Fourteenth Amendment does not require a municipality to provide notice and a fair hearing prior to any zoning decision that amounts to a taking. *North Laramie Land Co. v. Hoffman*, 268 U.S. 276, 284, 45 S.Ct. 491, 495, 69 L.Ed.953 (1925);

*Government of Virgin Islands v. 19.623 Acres of Land*, 536 F.2d 566, 570 (3d Cir.1976). A property owner enjoys these procedural protections only in the determination of the compensation due as a result of the taking. *Walker v. Hutchinson*, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

the nature of the act determines the applicability of absolute immunity:

> *Reed v. Village of Shorewood,* 704 F.2d 943, 952–53 (7th Cir.1983) holds that local officials are absolutely immune from liability for actions taken in a legislative, as opposed to an administrative, capacity. Legislative acts involve "the promulgation of general or prospective legislation or establish guidelines by which the future conduct of certain groups is to be judge." (Citation omitted). Administrative acts involve the application of already enacted ordinances or recognized policies to specific instances.

*Unity Ventures v. County of Lake,* 631 F.Supp. 181, 206 (N.D.Ill.1986). The decision to reject plaintiffs' Parcel Plan was an administrative act. The City Council effectively delegated an administrative responsibility to itself. The municipal code provides that the City Council would vote on each specific development plan, with the Wood Dale Plan providing guidance as to the appropriate balancing of policy interests. In sum, the Council members considered "a specific proposal by a specific group and [did] so in their capacity as administrators of an already-passed law." *LaSalle National Bank v. County of Lake,* 579 F.Supp. 8, 13 (N.D.Ill.1984). Accordingly, absolute immunity is unwarranted.

Nor are the individual defendants entitled to qualified immunity. Qualified immunity shields public officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). As the previous section of this opinion demonstrates, the constitutional limitations on a municipality's zoning decisions as implicated here were well established at the time the City Council voted to reject the Parcel Plan. Defendants do not contend that they "neither knew nor should have known of the relevant legal standard." *Id.* at 819, 102 S.Ct. at 2738. Indeed, we would be hard-pressed to conclude that municipal authorities could be reasonable in not knowing of the fundamental constitutional rights involved here.

## IV

Finally, defendants seek to strike the prayer for punitive damages as to all defendants. Defendants contend, and plaintiffs concede in their response, that the City of Wood Dale is immune from punitive damages in a § 1983 action. The Supreme Court explicitly so held in *City of Newport v. Fact Concerns, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), and we accordingly strike the prayer for punitive damages as to Wood Dale.

Defendants additionally contend, and we agree, that the complaint fails to state a claim for punitive damages from the individual defendants. Plaintiffs have alleged only that defendants denied plaintiffs their constitutional rights. To recover punitive damages, plaintiffs must additionally allege that defendants did so maliciously or recklessly and with callous disregard for those rights. *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Accordingly, we strike the prayer for punitive damages as to the individual defendants as well.

## Conclusion

Paragraph 26 of the complaint and the prayer for punitive damages are stricken. Defendants are given twenty days within which to file their answer.[3]

It is so ordered.

---

**3.** Plaintiffs now have the opportunity to decide whether they wish to proceed with their trimmed-down complaint. If so, the parties should explore settlement. If plaintiffs elect to proceed and settlement is not possible, then after a short discovery period, the parties should

consider whether the remainder of the complaint can be adjudicated by summary judgment.