**NORTHSIDE SANITARY LANDFILL, INC., Plaintiff-Appellant,**

v.

**CITY OF INDIANAPOLIS, et al., Defendants–Appellees.**

No. 89–2927.

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1990.

Decided May 8, 1990.

Warren D. Krebs and Jeffrey H. Frandsen, Parr, Richey, Obremskey & Morton, Indianapolis, Ind., for plaintiff-appellant.

Robert K. Stanley, Stephen W. Terry, Jr., Michael J. Huston, Lewis Beckwith, and R. Joseph Howell, Baker & Daniels, Indianapolis, Ind., for defendants-appellees.

Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Despite constant reminders that a federal court is not a Board of Zoning Appeals, persons disappointed with local land-use decisions persist in seeking new avenues of review. See, e.g., *Himelstein v. Fort Wayne*, 898 F.2d 573 (7th Cir.1990); *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir.1989); *Coniston Corp. v. Hoffman Estates*, 844 F.2d 461 (7th Cir.1988); *Clark v. County of Winnebago*, 817 F.2d 407 (7th Cir.1987); *Scudder v. Greendale*, 704 F.2d 999, 1003 (7th Cir.1983). Ill winds have blown for Northside Sanitary Landfill since the Environmental Protection Agency placed its dump on the National Priorities List for the cleanup of hazardous waste. 49 Fed.Reg. 37070–90 (1984), review denied, *Northside Sanitary Landfill, Inc. v. Thomas*, 849 F.2d 1516 (D.C.Cir.1988). Indiana yanked its license as a disposal site, and a state court sustained that decision. *Northside Sanitary Landfill, Inc. v. Indiana Environmental Management Board*, No. C–283–87 (Tippecanoe Cir.Ct. July 29, 1988), appeal pending, No. 79A02–8901–CV–00022 (Ind.App.); see also *Northside Sanitary Landfill, Inc. v. Indiana Environmental Management Board*, 458 N.E.2d 277 (Ind. App. 1st Dist.1984). Indianapolis told waste haulers that garbage picked up within its borders could not be taken to Northside. Unable to make much headway with state and local officials, Northside has turned to federal court. It lost, 1989 WL 108330, 1989 U.S. Dist. Lexis 13166 (S.D. Ind.), and further bad news may lie in store—the district judge has yet to act on the City's request for sanctions under Fed. R.Civ.P. 11.

Indianapolis told waste haulers to stop using Northside because chemicals from refuse dropped off there might seep into the water supply. Leakage was the reason for its placement on the National Priorities List. Indianapolis (more precisely its Board of Public Works, implementing its resolution No. 2682–1985) also fears that as a former user of Northside's services, it is potentially liable for cleanup costs at the site, and it does not want these costs to mount. These are rational grounds for governmental action. Northside wanted the district court to hold a trial to determine whether these are the real reasons Indianapolis put its dump off limits, but governmental action passes the rational basis test if a sound reason may be hypothesized. The government need not prove the reason to a court's satisfaction. *Munro v. Socialist Workers Party*, 479 U.S. 189, 195–96, 107 S.Ct. 533, 537–38, 93 L.Ed.2d 499 (1986); *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980);

*Vance v. Bradley,* 440 U.S. 93, 110–12, 99 S.Ct. 939, 949–50, 59 L.Ed.2d 171 (1979); *Citizens for John W. Moore Party v. Board of Election Commissioners,* 794 F.2d 1254, 1257–58 (7th Cir.1986). As the Court said in *Rast v. Van Deman & Lewis Co.,* 240 U.S. 342, 357, 36 S.Ct. 370, 374, 60 L.Ed. 679 (1916): "It makes no difference that the facts may be disputed or their effect opposed by argument and opinion of serious strength. It is not within the competency of the courts to arbitrate in such contariety." See also, e.g., *McGinnis v. Royster,* 410 U.S. 263, 274, 93 S.Ct. 1055, 1061, 35 L.Ed.2d 282 (1973) (sustaining a law because the legislature "could have concluded rationally that" certain things are true); *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961); *Flemming v. Nestor,* 363 U.S. 603, 612, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); *Evans v. Chicago,* 873 F.2d 1007, 1016 (7th Cir.1989).

■ Northside believes that *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981), requires a state to establish in court the evidentiary basis for its decisions. If *Clover Leaf* did this, the Court seems to have forgotten by the time of *Munro.* But it did no such thing. *Clover Leaf* reiterated the principle that states "are not required to convince the courts of the correctness of their legislative judgments", 449 U.S. at 464, 101 S.Ct. at 724. See also *id.* at 466, 101 S.Ct. at 725. The Court went on to discuss evidence pro and con because the state's highest court had analyzed it. States may choose to give their courts greater superintendence of legislation than the fourteenth amendment requires. A federal court sitting in judgment on the rationality of state law is bound by *Rast* and its successors to ask only whether the law has a rational basis, not whether the facts support the decision. Indianapolis's resolution has a rational basis.

That Indianapolis sends waste to Southside Sanitary Landfill, ·which recently was added to the National Priorities List, 54 Fed.Reg. 13311 (1989), does not demolish the City's basis for believing that Northside should be closed down. Waste must go somewhere, and one site may be worse than the other. Even if they are equally bad sites, Indianapolis may believe that the problem should be concentrated in a single place. See *City of New Orleans v. Dukes,* 427 U.S. 297, 303–04, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976). Southside has taken extensive precautions to prevent further seepage. Whether these are "enough", or whether Northside ought to be given credit for containing its own toxic substances, are factual matters on which local governments and local courts have the last word.

Northside filed this suit after losing its challenge to the placement of its site on the National Priorities List, and while its challenge to the revocation of its license was pending in state court. It appears to be pursuing a common tactic of multiplying litigation in order to buy time—and perhaps to make matters so costly for its adversaries that they will cave in. To prevail in this case, Northside would have had to persuade us to ignore an unbroken line of decisions of the Supreme Court—decisions that Northside's briefs do not mention. Litigation of this kind consumes time that federal judges need to resolve the grievances of persons legitimately before us. At oral argument we raised the question whether sanctions are appropriate under 28 U.S.C. § 1927 and Fed.R.App.P. 38. See *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938–39 (7th Cir.1989) (en banc); *Mortell v. Mortell Co.,* 887 F.2d 1322, 1327–28 (7th Cir.1989); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1081 (7th Cir.1987). Because the district judge has under advisement defendants' motion for sanctions under Rule 11, we refrain from discussing this subject further. The district court should act on the pending motion. If it decides that sanctions are warranted, it should award defendants their legal fees in this court as well as in the district court. Any appeal on the question of sanctions will return to this panel.

AFFIRMED.